**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1101-24

NICOLE CUTRO,

     Plaintiff-Respondent,

v.

KENWOOD D. SMALL,

     Defendant-Appellant.

_____

          Submitted November 3, 2025 – Decided November 13, 2025

          Before Judges Natali and Bergman.

          On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Ocean County, Docket No. FD-15-1004-03.

          Charles C. Berkeley, attorney for appellant.

          Respondent has not filed a brief.

PER CURIAM

     In this non-dissolution matter, defendant Kenwood D. Small appeals from a December 11, 2024 Family Part order that denied his request to retroactively

modify his child support arrears. After considering the record against the applicable legal principles, we reject all of defendant's arguments and accordingly affirm the December 11, 2024 order.

We detail only the relevant facts necessary to address the limited issue before us. Defendant and plaintiff Nicole Cutro are the biological parents of their now twenty-five-year-old daughter. In a February 19, 2003 order, the court ordered defendant to pay plaintiff $135.00 weekly in child support, and $10.00 per week to address his arrears. Approximately three years later, in a November 6, 2006 order, the court awarded plaintiff temporary sole legal and physical custody of the parties' daughter due to defendant's incarceration. Defendant's child support obligation terminated on May 31, 2023, as a result of the parties' daughter's college graduation and subsequent emancipation.

Over twenty years after the court entered the February 19, 2003 order, defendant filed an application to modify it. Defendant specifically requested the court reduce his "child support arrears by eliminating the day care component of the child support award . . . retroactive to the date" the parties' daughter "became enrolled in the first grade in September 2006", because at that point she "no longer required work-related childcare." He sought a total credit of $55,872.00 against his child support arrears based on his calculation that his

A-1101-24

share of the childcare component of the support award equaled $64.00. He multiplied that sum by 873, the number of weeks between September 6, 2006, the date his daughter entered first grade, and her May 31, 2023 emancipation. In the alternative, he requested a reduction of his weekly arrears payment.

A Child Support Hearing Officer (CSHO) considered defendant's application and conducted a proceeding where plaintiff and defendant appeared remotely. At the time of the hearing, probation division records indicated outstanding arrears of $54,049.81. After considering the parties' written submission, testimony, and arguments, the hearing officer recommended the court deny defendant's application to modify or reduce his arrears balance but grant his request to reduce his arrears payment from $267.00 to $50.00 per week.

Defendant appealed the hearing officer's recommendations, and the court, after considering the testimony and arguments of the parties, including defendant's citation to unpublished cases from our court supporting the proposition that a retroactive modification of child support is permissible in certain circumstances, affirmed the CSHO's recommendations. It accordingly entered an order that denied defendant's application to modify or reduce his arrears obligation and granted his request to reduce his weekly arrears payment to $50.00.

In the court's oral decision, it rejected the unpublished cases relied upon by defendant and instead held under N.J.S.A. 2A:17-56.23(a)[1], and based on the record before the court, it is "very clear that . . . there's a bar to retroactive modification of child support arrearages." The court also explained although defendant was incarcerated for a period of time, "he was released 12 years ago and had every opportunity to come forward at that time and has never requested a . . . modification."

Notably, the court also rejected the factual predicate underlying defendant's application that the parties' daughter did not need childcare when she commenced first grade. On this point, the court clearly credited plaintiff's testimony that contrary to defendant's certification that her need for childcare ceased in the first grade, as a single mother, she was required to place her daughter in before and after care well beyond the first grade. Plaintiff also stated

---

[1] The statute provides in pertinent part:

> No payment or installment of an order for child support, or those portions of an order which are allocated for child support established prior to or subsequent to the effective date of P.L. 1993, c. 45 (C.2A:17-56.23(a)), shall be retroactively modified by the court except with respect to the period during which there is a pending application for modification, but only from the date the notice of motion was mailed either directly or through the appropriate agent.

4

that defendant never provided health insurance for their daughter and as a diabetic she has incurred thousands in healthcare costs. Based on this testimony, the court found plaintiff "had to put the [parties' daughter] in before and after care until she entered high school as she was a single working mother" and found "a young child [would need care], if she was working, the child would have to have before- and after-care."

"Our review of a Family Part judge's findings is limited[,] . . . 'afford[ing] substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters.'" Voynick v. Voynick, 481 N.J. Super. 207, 220-21 (App. Div. 2025) (quoting W.M. v. D.G., 467 N.J. Super. 216, 229 (App. Div. 2021)). Pursuant to this standard, "we are bound to uphold a finding that is supported by sufficient credible evidence in the record." Moynihan v. Lynch, 250 N.J. 60, 90 (2022). "We will reverse only if we find the [court] clearly abused [its] discretion." Voynick, 481 N.J. Super. at 221 (alterations in original) (quoting Clark v. Clark, 429 N.J. Super. 61, 72 (App. Div. 2012)).

"We apply that deference to a Family Part judge's decision regarding a motion to amend a marital-support obligation," Ibid., or a child support obligation, Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012). "Thus, a Family Part judge's decision regarding a support obligation should not be

disturbed unless 'the court made findings inconsistent with the evidence or unsupported by the record or erred as a matter of law.'" Voynick, 481 N.J. Super. at 221 (quoting Reese v. Weis, 430 N.J. Super. 552, 572 (App. Div. 2013)). We review questions of law and statutory interpretation decisions de novo. See Cardali v. Cardali, 255 N.J. 85, 107 (2023).

Before us, defendant contends that $15,912.00 of the more than $50,000.00 of his arrears obligation are attributed to childcare expenses during the period from September 1, 2011, through May 30, 2023. He argues he should not be required to pay that amount, despite having failed to file a modification application for over two decades, because plaintiff purportedly did not pay for childcare expenses during the period of time from his daughter's enrollment in the sixth grade to when she graduated from college. In support, he again relies on two unpublished cases in which our court retroactively modified support obligations despite the clear language in N.J.S.A. 2A:17-56.23(a).

As is obvious, defendant's arguments before us differ materially from those he raised before the CSHO and the court. In reducing his request for an arrears modification from $55,872.00 to $15,912.00, defendant now contends his daughter no longer needed work-related childcare commencing in the sixth grade, contrary to his previous contentions that she ceased needing such care in

the first grade. He further seeks a reduction based on the lack of parenting time expenses while he was incarcerated and, as best we can discern, other related credits.

We reject defendant's arguments on both procedural and substantive grounds. First, to the extent defendant raises arguments not raised before the CSHO officer and the court, we decline to address them, see N. Haledon Fire Co. No. 1 v. Borough of North Haledon, 425 N.J. Super. 615, 631 (App. Div. 2012) (holding that an issue not raised below will not be considered for the first time on appeal), and on this point we specifically decline to address his newly minted factual argument that childcare expenses were not required commencing with his daughter's enrollment in the sixth as opposed to the first grade as he certified in his modification application. Defendant did not seek clarification or reconsideration before the CSHO or the court and we decline, in the first instance, to address these arguments as to do so would deprive plaintiff of her right to contest defendant's factual arguments before a CSHO and the Family Part, and it would also require us to take original jurisdiction, which we decline to do. See Price v. Himeji, LLC, 214 N.J. 263, 294 (2013) (noting Rule 2:10-5 "allow[s an] appellate court to exercise original jurisdiction to eliminate unnecessary further litigation, but discourage[s] its use if factfinding is

involved") (alterations in original) (quoting State v. Santos, 210 N.J. 129, 142 (2012)).

Nonetheless, defendant's arguments are without merit as we are convinced the court correctly interpreted N.J.S.A. 2A:17-56.23(a) to bar defendant's belated application. Under the clear terms of N.J.S.A. 2A:17-56.23(a), defendant is not entitled to retroactive modification of his child support obligations (as distinct from alimony) "except with respect to the period during which there is a pending application for modification, but only from the date the notice of motion was mailed." See Burns v. Edwards, 367 N.J. Super. 29, 50 n.4 (App. Div. 2004). We are also unpersuaded by the unpublished cases relied upon by defendant before the CSHO and the court, because the cases are neither precedential nor binding on us, see Rule 1:36-3, and are also factually and legally inapposite.

Finally, we decline to disturb the court's factual findings that the parties' daughter required childcare expenses well after the first grade as its finding is well supported by the record. We are also unconvinced that any equitable reason exists to support defendant's modification request. To the extent we have not specifically addressed any of defendant's remaining arguments, it is because we

have concluded they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1101-24